In the case, Tagert v. Hill, although in England, agreeable to practice in that country, the sheriff is bound to keep possession of the goods, and may even proceed to sale; which I suppose, in case the goods are of a perishable nature, is the usual practice. It is true there is no positive law in this country to justify the sheriff in deviating from the practice in England. But the constant practice in this country, as far as I know, has been that the sheriff, on being served with an injunction, has in all cases delivered up the goods to the defendant; and no one instance occurring to me that an action has been (376) brought against a sheriff for so doing, though cases where the plaintiff may have suffered a loss, as in the present case, must necessarily have taken place, it is not a matter of surprise that the sheriff should think himself justified in acting as all others heretofore have done in like cases.
In England there is no positive law in this case more than in this country — it depends on the practice of the courts, sanctioned by judicial decisions; and the only difference is that in this country though the practice in this country has been uniformly different, it has passedsub silentio, and not sanctioned by a decision of the courts. If this will not justify the sheriff who acts agreeably to this practice, bona fide, without fraud, collusion, or corruption, it will go great lengths to excuse, and had, no doubt, great weight with the jury who found in his favor; and this appears to be a hard action, and not to be maintained, but upon principles stricti juris, on a practice not hitherto in use in this country. I am not disposed to disturb the security which the defendant has in a verdict; therefore I am of opinion that no new trial should be granted.